TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,

v.

BRIARCREST COUNTRY CLUB CORPORATION, Appellee.

No. B14–91–00089–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1992.

Rehearing Denied June 18, 1992.

Robert C. Bass, Jr., Austin, for appellant.

Bill Payne, Bryan, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant, the co-defendant and surety of Butler, Inc., appeals a summary judgment holding it liable on a performance bond. The judgment is reversed and the cause remanded for a trial on the merits.

In July of 1987, Briarcrest and Butler entered into a written contract for the construction of a new facility on Briarcrest's premises in Bryan, Texas. Appellant was to act as surety on a performance bond in the event of default by Butler on its obligation to Briarcrest. Work was to commence "upon receipt of Building Permit plus five (5) days," and the project was to be substantially completed "not later than 260 days thereafter." Liquidated damages for a delay in completion were $500 per day "beginning on 271st calendar day through 300 days" and $1000 per day "for each calendar day after 270 days plus 30 days."

Butler began construction of the facility on July 15, 1987, and finished on December 7, 1988, well after the date on which the work was to be completed. On March 30, 1989, Briarcrest sued Butler and appellant for damages resulting from the delay. On May 1, appellant answered. Butler, however, failed to answer, and on May 17, an interlocutory default judgment was entered against Butler, awarding Briarcrest $231,-000 in damages and $10,000 as attorney's fees.

On June 13, Butler moved to set aside the default judgment. The court denied Butler's motion and, then, granted Briarcrest's motion to sever its claim against Butler.

On February 15, 1990, Briarcrest moved for summary judgment against appellant, claiming that the default judgment entered against Butler conclusively established appellant's liability as surety under the performance bond. On July 17, the trial court found the default judgment to be binding on appellant and granted an interlocutory summary judgment in favor of Briarcrest. A final judgment was entered on December 5th.

The standard for review of a summary judgment has been set forth by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985):

1. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.
3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

In seven points of error, appellant contends that a default judgment against a principal is not binding on and does not conclusively establish the liability of the surety on a general undertaking bond when the surety has been made a party to the suit and has answered and appeared in its own behalf. In *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 265 (Tex. 1979), the Texas Supreme Court cited the general rule that when a surety contracts to be generally liable for the undertakings of the principal, the surety must be given notice and an opportunity to defend the case before it is bound by a judgment rendered against the principal. There, the court found that the surety had agreed to be liable for a particular judgment, rather than agreeing to be generally liable for the undertakings of the principal. Consequently, the court was not required to rule on the issue raised by appellant here. The question before this court is whether Briarcrest offered sufficient summary judgment evidence to establish, as a matter of law, that appellant had been given the requisite notice and opportunity to defend. If so, the appellant is bound by the default judgment against Butler, and summary judgment was properly granted on this basis.

Although there are no Texas cases involving the situation in which a default judgment was entered against a non-answering principal when the surety answered as a co-defendant, this issue has been addressed with regard to a guaranty contract. The court in *Mayfield v. Hicks*, 575 S.W.2d 571, 574 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.), held that when a guarantor has notice of the action against its principal and takes part in the suit, the guarantor is not bound by the adjudication of the principal's liability by a default judgment against the principal in the same action. *Id.* Because there is no distinction between the liability of a surety and a guarantor where the material question is the conclusive effect of a judgment against a principal debtor, *Empire Steel Corp. of Texas v. Omni Steel Corp.*, 378 S.W.2d 905, 911 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.), the holding in *Mayfield* is applicable here.

Appellant first contends that the trial court erred in granting summary judgment and abused its discretion in failing to sustain its objection to the default judgment as summary judgment evidence because Briarcrest did not give appellant notice of the filing of the motion for default judgment or of the hearing thereon. The *Mayfield* court did not specifically address the notice requirement, although it appears that the court found the notice requirement satisfied if the guarantor had notice of the underlying action against the principal and was a party to the suit. There is no suggestion that the obligee was required to give notice of the motion for default judgment or the hearing thereon. This same position has been taken by a number of Texas courts in discussing the conclusive effect of a judgment against the principal in a surety context. In *Browne v. French*, 22 S.W. 581, 583 (Tex.Civ.App.1893, no writ), the court stated the general rule that "in an undertaking, general in character, ... the judgment obtained against the principal therein only creates a prima facie liability against the surety *who was not made a party* or given an opportunity *to* defend *the suit in which the judgment was obtained.*" *Id.* (emphasis added). And in distinguishing this rule in its application to *"particular* judgment bonds," the courts have held that "a surety on a judgment bond need not be given *notice of suit* or an opportunity to defend the suit before it is bound by the judgment," implying that in the context of a *general* undertaking bond, notice of the underlying lawsuit is all that the surety has a right to receive. *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 265 (Tex.1979) (emphasis added); *Bobbitt v. Womble*, 708 S.W.2d 558, 560 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Baker v. Guaranty National Insurance Co.*, 615 S.W.2d 303, 305 (Tex. Civ.App.—Austin 1981, writ ref'd n.r.e.). These cases seem to infer that since appellant was served with citation and was a co-defendant in Briarcrest's suit against Butler, appellant had all the notice that it was entitled to receive. The Rules of Civil Procedure, however, require a different result.

TEX.R.CIV.P. 21, in effect from the date of the default judgment through the date of the summary judgment, stated in relevant part:

> An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

This paragraph was amended in 1990 to require filing and service of all pleadings and motions on *all parties*, and not just the *adverse party*. It is undisputed that Briarcrest failed to give appellant notice of its Motion for Default Judgment against Butler or the hearing thereon. This failure was a violation of TEX.R.CIV.P. 21.

Briarcrest argues that the notice requirements of Rule 21 are not applicable in this case, because (1) no Texas court has established this proposition, and (2) "if such a requirement were upheld, there could never be judgments obtained against defaulting parties because all other parties to the suit would promptly notify the defaulter and prevent any default judgment from taking place." The reason that no Texas case has applied Rule 21 to the situation that is presented in the instant case is that no Texas court has been required to decide this issue. However, this rule has recently been held to require notice of a default judgment proceeding to a post-appearance defendant. *Matsushita Elec. v. McAllen Copy Data*, 815 S.W.2d 850, 853 (Tex. App.—Corpus Christi 1991, writ denied). And as to the argument that an application of this rule in the present case would prevent default judgments from ever being taken, this is simply not true. An application of Rule 21 in this situation would simply mean that appellant would not be denied the opportunity to assert its defenses to liability when it attempted to do so in the trial court. Since Briarcrest failed to produce sufficient summary judgment proof to establish that it satisfied the notice requirements of Rule 21, it was not entitled to summary judgment.

Even if appellant did receive the requisite notice, it still must have been given the opportunity to defend. Without notice there is no opportunity to defend. But even when notice has been given, the opportunity to defend does not follow automatically. In *Mayfield*, the court held that because the guarantor may have had no authority to answer on the principal's behalf or to defend in the name of the principal, the opportunity to defend must be such that the guarantor can actually *control* the suit with respect to asserting any defenses as to liability before collateral estoppel applies to preclude the guarantor from asserting such defenses. The defenses can be either its own or those available to the principal. *Mayfield*, 575 S.W.2d at 574. Thus, the *Mayfield* court held that "where the guarantor is merely given notice that the primary obligor expects the guarantor 'to assist' in the conduct of the defense, it is insufficient notice or *control* so as to preclude the guarantor from asserting the same defenses in a subsequent suit or in the same suit." *Id.* (emphasis added).

The only evidence offered on this issue in the instant case was the deposition testimony of Robert Coen, Butler's executive vice-president, in which Coen stated that he "assumed" that appellant would provide an answer on behalf of Butler. Coen did not testify that anyone associated with appellant ever requested or demanded that appellant defend Butler. To the contrary, Coen testified that in speaking with appellant's lawyers, he never discussed their providing a defense for Butler. Coen testified that in his discussions with Arnold Acker, a consultant for appellant, Acker did not specifically say that appellant's lawyers were filing an answer for Butler. Instead, Coen testified that he was "led to believe that a response was going to be filed" when Acker asked Coen to send him copies of all the files so that the answer deadline could be met. Butler's mere belief or assumption that appellant would provide a defense is insufficient to give appellant the requisite opportunity to defend. There is nothing in the law relating to contracts of sureties that places a duty on the surety to defend a suit on behalf of

or in the name of the principal. Under a typical performance bond, the surety is merely the guarantor of the performance of the principal. Such are different from contracts of indemnity which often create a duty to defend. Thus, absent some showing that Butler did more than just "assume" that appellant would provide a defense for Butler, appellant did not have the requisite opportunity to defend. Viewing the summary judgment evidence in the light most favorable to appellant, this court finds that such evidence raised a fact issue concerning appellant's opportunity to defend. Because Briarcrest failed to offer sufficient summary judgment evidence to establish, as a matter of law, that appellant was given the requisite notice and opportunity to defend, it was not entitled to summary judgment.

The judgment is reversed and remanded for a trial on the merits.