LESTER GRAMMER ET AL. V. THE STATE.

No. 6197.  Decided April 20, 1921.

**Scire Facias—Forfeited Bail Bond—Citation—Service—Sheriff's Return—Judgment by Default.**

Where, upon appeal from a final judgment of a forfeited bail bond, the sheriff's return on the citation of the sureties is as follows: "came to hand on the 23rd day of January, 1920, and executed on the second day of February, 1912, by delivering to the within names," the same was totally insufficient and could not support a judgment by default.

Appeal from the District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a final judgment upon a forfeited bail bond in the sum of $750.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—Cited Saunders v. State, 217 S. W. Rep., 950; Harryman v. State, 122 id., 398; Couch v. State, 122 id., 24.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—This is an appeal from a judgment final on a forfeited bail bond, the appeal appearing from the record as being prosecuted by an attorney who styles himself *amicus curiae.* This might raise an interesting question if the court had time to go into an investigation of it, but the service on the sureties is so defective in this case that it will not support the final judgment by default taken thereon, and if an attempt should be made to collect the judgment against any of the sureties, an injunction against the levy of an execution could be obtained. The sheriff's return is as follows: "Came to hand on 23rd day of Jan. 1920, and executed on the 2 day of February, *1912,* by delivering to the within names." Then follows the names of all the sureties, and the return is signed by the sheriff. It is not necessary to quote authorities for the purpose of showing that this character of return is insufficient to support a judgment by default, and it will be necessary to reverse the judgment of the trial court and remand this cause for a new trial in order that such matter may be corrected if the State so desires.

*Reversed and remanded.*