NO.
12-05-00191-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WILLIE LEROY DECKARD           §          APPEAL
FROM THE 

AND MARY MCKIND,

APPELLANTS

 

V.        §          COUNTY
COURT AT LAW

 

HESTER LONG AND

TARA WILLIAMS,

APPELLEES §          NACOGDOCHES COUNTY, TEXAS

                                                                                                                                   
                        

MEMORANDUM OPINION

            Willie Leroy
Deckard and Mary McKind bring this restricted appeal from a default judgment
entered against them in a suit for personal injury filed by Appellees, Hester
Long and Tara Williams.  Deckard and
McKind assert that the returns of service were defective and therefore neither
established valid service on them nor conferred jurisdiction on the trial
court.  We reverse and remand for further
proceedings.

 

Background

            Appellees
filed suit against Deckard and McKind on November 15, 2002, alleging personal
injuries incurred in a car accident caused by Deckard as he drove a vehicle
owned by McKind.  On March 3, 2003, the
trial court entered an order authorizing service of process by Tina Burns or
any of her agents.  A hearing was held on
December 13, 2004, attended only by the plaintiffs.  The trial court signed a default judgment on
December 15, 2004, awarding Long $20,000.00 and Williams $15,000.00.  Deckard and McKind filed a notice of restricted
appeal contesting the default judgment.

 

Service of
Citation

            In
their sole issue, Appellants contend the returns of service are fatally flawed
for a number of reasons and did not confer jurisdiction on the trial
court.  Therefore, they argue, the trial
court erred in entering the default judgment against them.

Applicable Law

            A
restricted appeal is available for the limited purpose of providing a party
that did not participate at trial with the opportunity to correct an erroneous
judgment.  Tex. R. App. P. 30; TAC Americas, Inc. v. Boothe,
94 S.W.3d 315, 318 (Tex. App.–Austin 2002, no pet.).  For a restricted appeal to be successful, a
notice of restricted appeal must be filed within six months after judgment is
signed, by a party to the lawsuit who did not participate in the hearing that
resulted in the judgment complained of, who did not file a timely postjudgment
motion or request for findings of fact and conclusions of law, and error must
be apparent on the face of the record.  Tex. R. App. P. 26.1(c), 30; Boothe,
94 S.W.3d at 318.  The face of the
record, for purposes of restricted appeal, consists of all papers on file in
the appeal.  Norman Communications
v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).

            Proper
citation and return of service are crucial to establishing personal
jurisdiction.  There are no presumptions
in favor of a valid issuance, service, and return of citation in the face of an
attack on a default judgment by restricted appeal.  Primate Constr., Inc. v. Silver,
884 S.W.2d 151, 152 (Tex. 1994).  If the
return of service does not strictly comply, the service is invalid and in
personam jurisdiction cannot be established. 
Boothe, 94 S.W.3d at 318-19.   Virtually any deviation will be sufficient
to set aside the default judgment in a restricted appeal.  Id. at 319.  The return of service is considered prima
facie evidence of the facts asserted therein. 
See Primate, 884 S.W.2d at 152.  Within the limitations indicated, a return
should receive a fair, reasonable, and natural construction, and effect should
be given to its plain intent and meaning. 
Brown-McKee, Inc. v. J.F. Bryan & Assocs., 522 S.W.2d
958, 959 (Tex. Civ. App.–Texarkana 1975, no writ).

Discussion

            The
record shows the notice of restricted appeal was timely filed.  Deckard and McKind did not participate in the
December 13, 2004 hearing, and they assert that they did not file a
post-judgment motion or request for findings of fact and conclusions of
law.  Appellees have not filed a brief or
challenged the statements in Deckard’s and McKind’s brief relative to the facts
in the record.  Accordingly, we accept as
true the statements of fact in the brief. 
See Tex. R. App. P.
38.1(f).  This leaves for our review the
question of whether error is apparent on the face of the record, that is,
whether the record shows improper service of citation.

            The
citations are typed forms with the return of service occupying the bottom
quarter of the page.  The return contains
blanks for details to be filled in by the process server.  At the bottom of the return it states:

 

To certify which
witness my hand officially,

 

         Sheriff/Constable

_________________________  Process Server

_________________________  County, Texas

 

 

Both returns were signed by the same
person, although the signature is illegible, on the top line.  There is no indication whether that
individual was a “sheriff/constable” or a “process server.”  The line next to the word County was left
blank.

            The
Deckard return indicates that the citation was served on him on February 27,
2003.  The return indicates both the date
the process server received the citation and the date he served it.  For each, the day and month are handwritten
into preprinted blanks.  The year 2002 is
typed in for both dates, but the typed year indicating the date he served the
citation has been altered by hand to read 2003.

            The
McKind return indicates that the citation was served on her on September 9,
2002.  Again, the day and month are
handwritten while the year is typed. 
Because the citations were issued November 15, 2002, McKind’s citation
could not have been served on September 9, 2002.  We can logically deduce that the individual
serving the citation merely failed to change the previously typed “2” to a “3”
to reflect the year 2003.  See Pratt
v. Moore, 746 S.W.2d 486, 488 (Tex. App.–Dallas 1988, no writ) (Where
face of return showed officer’s handwritten date was clearly erroneous and
court could discern true date, error not fatal.).  Thus, the Deckard citation was served before
the March 3, 2003 order authorizing Tina Burns or her agents to serve the
citations while the McKind citation was served after that order was
entered.  Neither return complies with
the rules.

            Rule
103 of the Rules of Civil Procedure provides that a citation may be served by
any sheriff or constable or by any person authorized by law or by written order
of the court.  Tex. R. Civ. P. 103.  Rule 107 provides that the return shall be
signed by the officer officially or by the authorized person and the return by
an authorized person shall be verified.  Tex. R. Civ. P. 107.  Here, the signature on the returns is not
identified as that of a sheriff, constable, or authorized process server.  Nothing in the record identifies the
signature, and we do not indulge any presumptions.  Primate, 884 S.W.2d at
152.  We note that the illegible
signature does not remotely resemble the name Tina Burns.  Further, she was not authorized to serve the
citations at the time the Deckard citation was served.  Nor is either return verified as required in
the case of service by authorized persons. 
See Frazier v. Dikovitsky, 144 S.W.3d 146, 149 (Tex. App.–Texarkana
2004, no pet.).  Neither return shows
strict compliance with the rules of procedure. 
The attempted service on both Deckard and McKind was invalid and of no
effect.  The record does not show the
trial court had in personam jurisdiction over Deckard and McKind.  The trial court erred in entering the default
judgment against them.  However, by
appealing this case, Deckard and McKind have submitted to the jurisdiction of
the district court and no new service is necessary.  Tex. R. Civ. P. 123.  We sustain Deckard’s and McKind’s sole issue.

 

Disposition

            We
reverse the default judgment and remand this cause
to the trial court for further proceedings.

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

Opinion
delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

(PUBLISH)