

## IN THE
## TENTH COURT OF APPEALS

### No. 10-11-00301-CR

**FREEBIRD BAIL BONDS,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the County Court
Freestone County, Texas
Trial Court No. 5056**

## MEMORANDUM  OPINION

This is a restricted appeal from a default judgment, signed by the trial court on February 17, 2011, in a bail bond forfeiture case.[1]

"Davie C. Westmoreland, Agent, dba Freebirds Bail Bonds, International Fidelity Insurance Company" was surety on the appearance bond of Elfrida Williams.  The trial court signed a judgment *nisi* declaring forfeiture of the bond.  The trial court found that "Elfrida Lynn Williams Jackson" failed to appear in the underlying criminal proceeding

---

[1] Appellee, the State of Texas, did not file a brief.

and therefore ordered that the State of Texas recover the full amount of the bond jointly and severally from "Elfrida Lynn Williams Jackson," principal, and "Freebird Bail Bond," surety.

The trial court clerk issued a citation to "Freebird Bail Bonds" at the address shown for "Davie C. Westmoreland, Agent, dba Freebirds Bail Bonds, International Fidelity Insurance Company" on the bond. The citation includes a statement that "[a] copy of the judgment of forfeiture accompanies this citation." Under the return section is the notation "5-1-09 – Sent to Surety by Certified Mail" and the certified mail tracking number, but the return is otherwise blank and bears no signature. The record does, however, contain a postal service return receipt showing that the citation was delivered to the address shown on the face of the bond. The receipt is signed by a person named "Grady."

The trial court also issued a citation to "Elfrida Lynn Williams Jackson" at the address shown for Elfrida Williams on the bond. Like the citation to Freebird Bail Bonds, the citation includes a statement that "[a] copy of the judgment of forfeiture accompanies this citation." Under the return section is also the notation "5-1-09 – Sent to Surety by Certified Mail" and the certified mail tracking number, but the return is otherwise blank and bears no signature. There is no postal service return receipt for Williams.

The trial court thereafter found that Elfrida Lynn Williams Jackson and Freebird Bail Bonds failed to answer and wholly made default; therefore, the trial court rendered a default judgment against them. Within six months of the default judgment, Appellant

Davie C. Westmoreland, d/b/a, Freebird Bail Bonds (Freebird) filed a notice of restricted appeal.

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.). For a restricted appeal to be successful, a notice of restricted appeal must be (1) filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and (5) error must be apparent on the face of the record. TEX. R. APP. P. 30; *TAC Americas*, 94 S.W.3d at 318; *see Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985). The face of the record, for purposes of restricted appeal, consists of all papers on file in the appeal. *TAC Americas*, 94 S.W.3d at 318; *see Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Freebird has met the first four criteria; thus, the sole remaining question is whether error is apparent on the face of the record. In its first issue, Freebird contends that the trial court erred in rendering a default judgment against it because the record fails to establish that the trial court obtained jurisdiction over it by service in strict compliance with the law.

Generally, the purpose of citation is to give the court jurisdiction over the parties and to provide notice to the defendant that it has been sued by a particular party, asserting a particular claim, in order to satisfy due process and allow the defendant the

opportunity to appear and defend the action. *TAC Americas*, 94 S.W.3d at 318. There are no presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *Id.* at 319; *see Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). For a default judgment to withstand direct attack, the record must show strict compliance with the rules of service of citation. *Primate Constr.*, 884 S.W.2d at 152; *TAC Americas*, 94 S.W.3d at 319. A plaintiff defending a default judgment must show strict compliance with the procedural rules governing citation and return of service. *TAC Americas*, 94 S.W.3d at 319. In other words, it is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 75 (Tex. App.—Waco 1997, writ denied). This responsibility extends to assuring that service is properly reflected in the record. *Id.* Accordingly, when strict compliance is not demonstrated, there is error on the face of the record, and reversal of the judgment is warranted. *Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ).

Freebird argues that the procedural rules governing citation and return of service were violated as follows: (1) the forfeited bond and any power of attorney attached to the forfeited bond were not attached to the citation as required by article 22.04 of the Code of Criminal Procedure; (2) the citation is not endorsed with the date and hour received for service; (3) there is no return of service signed by the serving officer; (4) the return receipt does not show service on the person named in the citation; and (5) there was no attempt to serve citation on the person upon whom service is required under

article 22.03(c) of the Code of Criminal Procedure.

An officer's or authorized person's failure to complete and sign the return of service is fatal, even when a postal service return receipt is included in the record. *See* TEX. R. CIV. P. 107; *Laidlaw Waste Sys.*, 944 S.W.2d at 74 ("By using the postal return receipt in lieu of completing the return, the District Clerk's service of citation on Laidlaw failed to strictly comply with the Rules of Civil Procedure and will not support the default judgment."). Also, in *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009), the Texas Supreme Court held that a default judgment could not stand when the return of citation lacked the required notation showing the hour that the clerk received the citation for service. *Accord Bus. Staffing, Inc. v. Gonzalez*, 331 S.W.3d 791, 792-93 (Tex. App.—Eastland 2010, no pet.); *see also* TEX. R. CIV. P. 16, 105.

Because the return of citation in this case lacked the required notation showing the hour that the clerk received the citation for service and because there is no return of service signed by the serving officer or authorized person, the record affirmatively shows a lack of strict compliance with the Rules of Civil Procedure. We thus sustain Freebird's first issue and need not address its remaining arguments in this issue. Furthermore, our disposition of Freebird's first issue renders it unnecessary to discuss its second issue. We reverse the default judgment and remand this cause for further proceedings.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed August 1, 2013
Do not publish
[CR25]