

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00475-CV
_____

JANICE KAY McGEE, APPELLANT

V.

RONNIE ROSCOE McGEE, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-502,315; Honorable William C. Sowder, Presiding[1]

June 6, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Presenting a sole issue, Appellant, Janice Kay McGee, questions whether the trial court had personal jurisdiction over her to enter a default judgment in divorce proceedings against Appellee, Ronnie Roscoe McGee. We affirm.

---

[1] The divorce proceedings were heard by the Honorable William C. Sowder, the *Final Decree of Divorce* was signed by the Honorable Bradley Underwood and the Honorable Ruben G. Reyes presided at the hearing on Janice's motion for new trial.

## BACKGROUND

Janice and Ronnie were married in 2009 and separated on May 23, 2012. Ronnie filed a *pro se Original Petition for Divorce* on May 29, 2012. On June 8, 2012, he retained a process server to serve Janice. The record reflects citation was issued on June 11th, she was served on June 13th and a default *Final Decree of Divorce* was entered on July 30th. Janice moved for a new trial alleging, under oath, she was not properly served with the petition because a citation was not attached to the front of the petition actually served. Her motion for new trial was supported by a sworn affidavit. Ronnie filed a sworn response to the motion for new trial supported by the affidavit of Alvin L. Vernon, the process server. A hearing was held on Janice's motion; however, no testimony was given and only arguments were presented. The motion was overruled by operation of law.[2]

## ANALYSIS

By a sole issue, Janice maintains the trial court lacked personal jurisdiction to enter a default divorce decree against her because the officer's return portion of the citation contains an irreconcilable inconsistency regarding the date the citation was issued by the clerk and the date it "came to hand" of the process server. Ronnie's response to Janice's issue is threefold: (1) reconcilable inconsistencies on the officer's return do not invalidate service that was otherwise proper; (2) there is no jurisdictional issue; and (3) Janice repeatedly acted with conscious indifference toward the underlying

---

[2] *See* TEX. R. CIV. P. 329b(c).

proceedings.[3] We disagree with Janice's contention that an irreconcilable inconsistency exists on the face of the citation.

Although Ronnie asserts we should apply an abuse of discretion standard of review, whether a court has personal jurisdiction over a defendant is a question of law requiring *de novo* review. *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). When, as here, the trial court does not issue findings of fact or conclusions of law, all facts necessary to support the decree are implied. *Id.* at 795.

The purpose of service of citation is to ensure the defendant has notice of the suit. *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2dd 491, 492 (Tex. 1995) (*per curiam*). A trial court usually acquires personal jurisdiction over the defendant by virtue of the service of citation on the defendant. *See* TEX. R. CIV. P. 99.

Ordinarily, presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites); however, no such presumption is made in a direct attack of a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). Jurisdiction must appear on the face of the record, *id.* at 930, and the record must show strict compliance with the rules governing service of process. *Id.* at 929. Failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Higginbotham v. General Life & Acci. Ins. Co.*, 796 S.W.2d 695, 697 (Tex. 1990) (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)).

---

[3] Ronnie asserts that abuse of discretion is the appropriate standard to apply in reviewing the trial court's denial of a motion for new trial. However, Janice does not couch her issue in terms of denial of her motion for new trial.

In this case, the *Return of Service Citation* reflects an issuance date by the trial court clerk of June 11, 2012. The officer's return provides:

> [c]ame to hand on the <u>8th</u> of <u>June</u>, 20<u>12</u>, at <u>1:30</u> O'clock AM/PM,[4] and executed in _____, County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with a copy of the **Original Petition for Divorce**, at the following time and places, to-wit: . . . .

The citation continues that Janice was served on June 13, 2012, at 7:19 p.m. at 602 Indiana, Lubbock. The process server then declared under penalty of perjury that the foregoing information was true and correct.

Relying heavily on *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 322 (Tex. App.—Austin 2002, no pet.),[5] Janice argues the process server, who signed the return under penalty of perjury, failed to strictly comply with the proper rules which presents an "irreconcilable inconsistency" rendering service defective. She posits that the dates of June 8th and June 11th contained in the citation are a factual impossibility because the process server could not have received on the 8th that which was not issued until the 11th. Janice contends this inconsistency rendered service invalid and the resulting default decree void.

Ronnie counters that the line of cases relied on by Janice, including *Boothe*, are irrelevant to the circumstances of this case. He maintains the discrepancy in the dates

---

[4] PM is circled on the form and the name of the County is blank.

[5] In *Boothe*, the officer's return reflected the served pleading came into the process server's possession at 12:23:26 and that delivery was completed at 12:15:00, more than eight minutes prior to the time the server swore he received the pleading. The appellate court refused to ignore temporal references in the citation's return which were "nonsensical and incapable of reconciliation" and found service was invalid for failure to show strict compliance with the proper rules. 94 S.W.3d at 321.

of the citation are "completely reconcilable" and do not violate the Texas Rules of Civil Procedure on service of process.

According to the process server's affidavit, he received only the petition for divorce from Ronnie on June 8th, who was acting *pro se*. The process server advised Ronnie he could not serve the petition without a citation, and one was subsequently prepared by the trial court clerk on June 11th. He then served Janice with both the petition and citation on June 13th as reflected in the officer's return of the citation. Janice admits she was served on June 13th but denies receiving the citation.

Examining the totality of the record and applying a *de novo* standard of review, we find there is no irreconcilable inconsistency in the citation. Because the trial court did not hear evidence at the hearing on Janice's motion for new trial and did not issue findings of fact and conclusions of law, we must presume the trial court made those findings necessary to support its implicit finding of personal jurisdiction. Accordingly, we overrule Janice's sole issue.

## CONCLUSION

The trial court's *Final Decree of Divorce* is affirmed.

Patrick A. Pirtle
Justice

5