

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00138-CV

EX PARTE KEITH ROGERS POST

On Appeal from the 21st District Court
Burleson County, Texas
Trial Court No. 27,422, Honorable Reva Towslee Corbett, Presiding

September 24, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

The Texas Department of Public Safety (Department) has filed a restricted appeal of an order of expunction granted to Keith Rogers Post. The Department contends that Post was not entitled to an expunction because he had, in fact, been convicted of an offense as a result of his arrest. Post did not favor the Court with a brief. We will reverse.

Factual and Procedural Background

On January 9, 2011, Post drove his truck at approximately 90 mph around a curve on a wet road. At the scene, he was arrested and, subsequently, charged with

the offense of reckless driving, a class B misdemeanor offense.[1]  On March 13, 2012, Post entered a plea of guilty to the class C offense of reckless driving and paid a fine of $500 plus costs of court.  The cause number for the class B complaint was C-CR-11-20,218 in the County Court of Burleson County, Texas.  The Judgment and Sentence for the plea of guilty to the class C offense of reckless driving is in cause number 20,218 in the County Court of Burleson County, Texas.

On July 12, 2013, Post filed a petition for expunction of records related to the charge of reckless driving.  The petition avers that the applicable cause number and court is cause number 20,218 in the County Court of Burleson County, Texas.

The Department filed an answer asserting that Post was barred from obtaining an expunction because he had, in fact, been convicted of an offense as a result of the arrest in question.  The trial court granted the expunction on November 4, 2013.  The Department was not present at the hearing.  Further, no reporter's record was made of the hearing.

The Department now brings this restricted appeal.  We will reverse the judgment granting the expunction and render judgment denying the expunction.

## Analysis

The record before this Court affirmatively demonstrates that the Department did not participate in the trial of the expunction and did not have an opportunity to correct an erroneous judgment.  *See Freebird Bail Bonds v. State,* No. 10-11-00301-CR, 2013 Tex. App. LEXIS 9646, at *3 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op., not

---

[1] See TEX. TRANSP. CODE ANN. § 545.401 (West 2011).

designated for publication) (citing *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.)). To be successful in a restricted appeal, the Department's notice of restricted appeal must be filed 1) within six months after the judgment is signed; 2) by a party to the lawsuit; 3) who did not participate in the hearing that resulted in the judgment complained of; 4) who did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and 5) error must be apparent on the face of the record. *See* TEX. R. APP. P. 30; *Freebird Bail Bonds, 2013* Tex. App. LEXIS 9646, at *3. Additionally, the face of the record, for the purpose of the restricted appeal, consists of all papers on file in the appeal. *See Freebird Bail Bonds,* 2013 Tex. App. LEXIS 9646, at *3 (citing *TAC Americas,* 94 S.W.3d at 318; *see also Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).

The record demonstrates that the Department timely filed its notice of restricted appeal on March 28, 2014. Further, the record demonstrates that the Department was a party to the lawsuit and did not participate in the hearing that resulted in the judgment of expunction. Likewise, the record demonstrates that there was no post-judgment motion filed by the Department and there was no request for findings of fact and conclusions of law. Therefore, the first four elements of a successful restricted appeal are present. *See* TEX. R. APP. P. 30; *Freebird Bail Bonds, 2013* Tex. App. LEXIS 9646 at *3.

We now turn to the issue of whether error is apparent on the face of the record. Expunction of criminal records is governed by Chapter 55 of the Texas Code of Criminal Procedure. Specifically at issue before us are the requirements of article 55.01. *See*

3

TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2014). Post alleged in his petition for expunction that the misdemeanor offense was dismissed and, therefore, he is entitled to an expunction. As pertinent for our consideration, article 55.01 provides as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there is no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

The record of the trial court that is before this Court indicates that if Post's class B misdemeanor offense of reckless driving was dismissed, it was dismissed as part of a plea bargain by which Post would enter a plea of guilty to the class C misdemeanor offense of reckless driving. Before us we have, as part of the record, the judgment and sentence for the class C misdemeanor offense of reckless driving. This is important because the burden to prove that the applicant has complied with the statute and is therefore entitled to an expunction is on the applicant. *See McCarroll v. Tex. Dept. of Pub. Safety,* 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). The law provides that a plea to an offense that corresponds to the offense for which the applicant was arrested will serve to bar an expunction. *See In re O.R.T.,* 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no pet.). This will be true even where the offense that an applicant pleads guilty to is a class C misdemeanor. *See Rodriguez v. State,* 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.).

4

As previously stated, the record before this Court clearly points to the fact that Post entered a plea bargain agreement to plead guilty to the class C offense of reckless driving. Accordingly, Post was not entitled to expunction of the records for his arrest for the Class B misdemeanor offense of reckless driving. The same is clear from the face of the record. *See* TEX. R. APP. P. 30; *Freebird Bail Bonds, 2013* Tex. App. LEXIS 9646, at *3. We sustain the Department's first issue and, therefore, need not reach its second issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

Having sustained the Department's first issue, we reverse the judgment of the trial court and render judgment denying the expunction.


Mackey K. Hancock
Justice


5