**REVERSE and REMAND and Opinion Filed February 25, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01092-CV**

**JOE PRADO D/B/A JP ENTERPRISES, Appellant**
**V.**
**LESKEL NICHOLS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-04165**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

In this restricted appeal, Joe Prado d/b/a JP Enterprises (JP Enterprises) appeals a no-answer default judgment awarding Leskel Nichols $200,000 in damages. In three issues, JP Enterprises argues (1) there is no evidence to support the damages awarded, (2) the record does not show strict compliance with the rules of service, and (3) Nichols failed to allege facts sufficient to establish a cause of action. For reasons set out below, we agree that service was invalid. Accordingly, we reverse the trial court's order granting default judgment and remand the cause to the trial court for further proceedings.

1

## BACKGROUND

Nichols, representing himself, filed suit in state district court on March 13, 2020. The caption of the petition identified the defendant as "JOE PRADO 'DBA JP ENTERPRISES,'" and the body of the petition identified the defendant as "Joe Prado 'JP Enterprises'" and "Joe Prado DBA' J.P. Enterprises." In his petition, Nichols alleged JP Enterprises executed a written contract to install a fence and breached the agreement by failing to use the agreed-upon material and failing to complete the project. He further alleged JP Enterprises damaged his foundation and removed a bush without permission. Nichols's petition sought "over [$]100,000 but not more than [$]200,000" in damages. The petition alleged "Joe Prado DBA' J.P. Enterprises" was a "corporation, duly formed and existing under the laws of the State of Texas" and "may be served with citation by serving Joe Prado 'J.P. Enterprises' at 908 McLean Ave. Dallas TX 75211."

On the same day the petition was filed, citation was issued to "JOE PRADO D/B/A JP Enterprises." A return of service was filed six days later, showing that the citation and petition were delivered in person to "Joe Prado." JP Enterprises did not file an answer.

Four months later, in July 2020, Nichols moved for entry of default judgment. The motion purported to submit evidence to support the default judgment, including Nichols's affidavit, the contract, and the petition. Our record contains what Nichols

identified as an "affidavit," which references an appendix containing exhibits A through F, but the exhibits were not attached to the affidavit.

The associate judge heard the case by submission and, on August 6, 2020, signed Nichols's proposed order, which stated "Plaintiff's Motion for Default Judgment in the amount of $200,000 against 'JOE PRADO DBA 'JP ENTERPTISES' [sic] is GRANTED." On December 15, 2020, JP Enterprises filed a notice of restricted appeal.

## DISCUSSION

### A. Standard of Review

A restricted appeal is a direct attack on the trial court's judgment. *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.). To prevail on a restricted appeal, the appellant must show that (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements are not contested here; thus, we consider only whether there is error apparent on the face of the record.

**B. Applicable Law**

In a restricted appeal, a party can establish error on the face of the record by demonstrating that the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation. *See Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied). In contrast to the usual rule that all presumptions—including valid issuance, service, and return of citation—will be made in support of a judgment, no such presumptions apply to a direct attack on a default judgment. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

If the record does not show strict compliance with the rules governing citation and return of service, then service is invalid and in personam jurisdiction cannot be established. *See TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). Moreover, virtually any deviation from these rules is sufficient to set aside a default judgment in a restricted appeal. *Id*. Even actual notice to a defendant is insufficient to convey jurisdiction on the trial court and will not cure defective service. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Whether service was in strict compliance with the rules is a question of law we review de novo. *U.S. Bank Tr., N.A. v. AJ & SAL Enters., LLC*, No. 05-20-00346-CV, 2021 WL 1712213, at *2 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op.).

### 3. Invalid Service

In its second issue, JP Enterprises argues that the record does not affirmatively show strict compliance with the rules governing service. Specifically, JP Enterprises argues service was invalid because Nichols alleged JP Enterprises is a corporation, and there is no indication of Joe Prado's capacity to receive service on behalf of the purported corporation.  We agree.

A proper return of service must show the person or entity served. *See* TEX. R. CIV. P. 107(b)(5).  A corporation is not a person capable of accepting process on its own behalf and therefore must be served through an agent.  *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.).  Service may be made on the corporation's registered agent, president, or any vice president.  TEX. BUS. ORGS. CODE ANN. §§ 5.201(b), 5.255(1).  Thus, where service is on a corporation, a proper return must also show both the name of the person who received service and that the person was authorized to do so.  *See W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV, 2016 WL 4921588, at *3-4 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.); *Inlog, Inc., v. Ryder Truck Rental, Inc.*, No. 02-19-00283-CV, 2020 WL 1887846, at *2 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.).

Here, the face of the record shows that appellee filed suit against a Texas corporation named either Joe Prado DBA J.P. Enterprises or Joe Prado "JP Enterprises."  The return of service shows that Joe Prado was served but does not

indicate his capacity to receive service on behalf of the purported corporation. *See Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.,* 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (concluding return that did not indicate capacity of person served or explain authority to receive service as registered agent rendered service invalid). Moreover, no other portion of the record indicates Joe Prado's authority to receive service on behalf of the corporation. We conclude the face of the record fails to show strict compliance with the rules governing return of service; thus, the trial court lacked jurisdiction to render a default judgment against JP Enterprises. We sustain the second issue. Our resolution of this issue makes it unnecessary to address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's order granting default judgment and remand the cause to the trial court for further proceedings.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


201092F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE PRADO D/B/A JP
ENTERPRISES, Appellant

No. 05-20-01092-CV     V.

LESKEL NICHOLS, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-04165.
Opinion delivered by Justice
Reichek; Justices Partida-Kipness
and Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's Order Granting Motion For Default Judgment is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant JOE PRADO D/B/A JP ENTERPRISES recover its costs of this appeal from appellee LESKEL NICHOLS.

Judgment entered February 25, 2022.