**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00951-CV

———————————

**ARIYANA DAMONIQUE RICHARDSON, Appellant**

**V.**

**JULIUS CHARLES WILKINS, Appellee**

---

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2021-73601**

---

## MEMORANDUM OPINION

Appellant Ariyana Damonique Richardson filed a restricted appeal challenging the default judgment rendered against her appointing Appellee Julius Charles Wilkins as the sole managaing conservator of their daughter, W.J.W., and

ordering her to pay Wilkins child support for W.J.W.[1] After the Office of the Attorney General filed a petition to establish a parent-child relationship between Wilkins and W.J.W., Wilkins filed a counterpetition against Richardson requesting that he be appointed W.J.W.'s sole managaing conservator and that Richardson be ordered to pay child support. Richardson, who did not file an answer or otherwise appear in the suit, argues (1) she is entitled to bring this restricted appeal because the face of the record reflects she was not served with Wilkins' counterpetition, (2) the trial court erred by rendering a default judgment against her because she was not served with Wilkins' counterpetition, and (3) the petition filed by the Office of the Attorney General was insufficient to support a default judgment because it did not give her notice that Wilkins could be appointed as W.J.W.'s sole managing conservator.

We reverse the trial court's judgment and remand for further proceedings.

## Background

On November 9, 2021, the Office of the Attorney General ("OAG") filed a petition to establish the parent-child relationship with respect to W.J.W. Wilkins was served with the OAG's petition on November 25, 2021, and Richardson was served on November 27, 2021.

---

[1] To protect her identity, we will refer to the minor child using a pseudonym. TEX. FAM. CODE § 109.002(d).

In its petition, the OAG requested that parentage be determined for W.J.W., appropriate conservators pursuant to Section 153.005 of the Texas Family Code be appointed "[b]ecause the parents of the child [were] separated," and appropriate child support be ordered.[2] At the time the OAG filed its petition, the child was residing with Richardson and the OAG requested that Wilkins be ordered to pay the "costs of the proceeding."

Wilkins filed an original answer to the OAG's petition and later, on June 2, 2022, he filed an original counterpetition stating he was W.J.W.'s father. In his counterpetition, Wilkins requested that the court appoint Richardson and him as joint managing conservators granting him the exclusive right to establish W.J.W.'s primary residence and enroll the child in school. Wilkins alleged Richardson had "engaged in a history or pattern of child neglect" and he requested that she be denied "access to the child" or alternatively be granted supervised visitation. He requested that Richardson's conduct be considered in appointing Wilkins "as sole managing conservator or the parties as joint managing conservators." Last, Wilkins requested

---

[2]    Section 153.005(a) of the Family Code states in part:

(a)    In a suit, except as provided by Section 153.004, the court:

(1)    may appoint a sole managing conservator or may appoint joint managing conservators; and

(2)    if the parents are or will be separated, shall appoint at least one managing conservator.

TEX. FAM. CODE § 153.005(a).

that Richardson be ordered to pay child support. Wilkins refiled his original counterpetition on June 28, 2022, requesting that Richardson be personally served with notice.[3]

Although Wilkins' counterpetitions identified Richardson as a "person entitled to citation" and he requested that Richardson be served "via eservice," it is undisputed that Richardson was never personally served with either one of Wilkins' counterpetitions. It is also undisputed that Richardson never filed an answer or made an appearance in the case.

Trial commenced as scheduled on July 10, 2023. The Assistant Attorney General appeared for the OAG and Wilkins appeared in person with his counsel. Richardson did not appear for trial. At the beginning of trial, the trial court noted that Richardson had been served with the OAG's petition on November 27, 2021. The trial court stated that Richardson had not filed a response and thus the trial court was "going to proceed with default."

Only Wilkins testified at trial. Consistent with the requests in his counterpetition, Wilkins asked the trial court to find he was W.J.W.'s biological father, appoint him as W.J.W.'s sole managing conservator, grant him the exclusive right to designate W.J.W.'s primary residence, and order Richardson to pay child

---

[3]     According to Richardson, Wilkins' June 2, 2022 and June 28, 2022 counterpetitions are identical.

4

support. The OAG did not call any witnesses and neither the OAG nor Wilkins' counsel made opening or closing arguments.

After hearing the evidence, the trial court announced on the record that it had found the parent-child relationship between Wilkins and W.J.W. had been established and that it was not in W.J.W.'s best interest for Wilkins and Richardson to be named joint managing conservators. The trial court appointed Wilkins as W.J.W.'s sole managing conservator, awarded him all the rights and duties of a parent sole managing conservator, including the exclusive right to designate W.J.W.'s residence, and ordered Richardson to pay child support.

The trial court issued a written judgment on July 26, 2023, memorializing its oral rendition of judgment at the end of trial. Richardson filed her notice of restricted appeal on December 20, 2023.

**Restricted Appeal of Default Judgment**

In her first and second issues, Richardson argues she is entitled to bring this restricted appeal because the face of the record reflects she was never served with Wilkins' counterpetition and thus, the trial court erred by rendering a default judgment against her. Wilkins argues that Richardson was served with the OAG's petition. Thus, he argues, the record does not show error on the face of the record and the trial court did not err by rendering a default judgment against Richardson.

## A. Applicable Law

Rule 30 of the Texas Rules of Appellate Procedure, dealing with restrictive appeals, provides:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. A restricted appeal provides a party who did not participate at trial the opportunity to correct an erroneous judgment. A restricted appeal typically is taken from a default judgment that has been rendered after a party fails to attend trial. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).

To prevail on a restricted appeal, an appellant must show that (1) she filed a notice of restricted appeal within six months of the date of the challenged judgment or order, (2) she was a party to the suit, (3) she did not participate in the hearing that led to the judgment complained of and did not timely file (i) a post-judgment motion, (ii) a request for findings of facts and conclusions of law, or (iii) a notice of appeal, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the reporter's record, as they existed in the trial court at the time the default judgment was entered. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.). "The task

of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal." *Ex parte E.H.*, 602 S.W.3d at 497.

There is no dispute Richardson meets the first three requirements for a restricted appeal. She filed a notice of restricted appeal within six months of the date of the challenged judgment, she was a party to the suit, she did not appear at trial, and she did not timely file any post judgment motions, a request for findings of fact and conclusions of law, or a notice of appeal. Thus, the only issue before us is whether Richardson established error on the face of the record. We conclude she has.

**B.     Error on the Face of the Record**

A party can establish error on the face of the record by demonstrating affirmatively that the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation. *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) ("We have long held that a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'") (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). In contrast to the usual rule that all presumptions—including valid issuance, service, and return of citation—will be made in support of a judgment, no such presumptions apply to a direct attack on a default judgment. *See Spanton*, 612 S.W.3d at 316. Service of process that does not strictly comply with civil procedural

requirements is "invalid and of no effect." *Id.* at 317. Virtually any deviation from civil procedural rules is sufficient to set aside a default judgment in a restricted appeal. *See id.* at 316; *see also TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.) (stating "[v]irtually any deviation will be sufficient to set aside the default judgment" in restricted appeal) (citation omitted).

Whether service was in strict compliance with procedural rules is a question of law we review *de novo*. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.). No-answer default judgments are disfavored, and a trial court lacks jurisdiction over a defendant who was not properly served with process. *Spanton*, 612 S.W.3d at 316; *see also Pro-Fire & Sprinkler, L.L.C. v. Law Co., Inc.*, 661 S.W.3d 156, 162 (Tex. App.—Dallas 2021, no pet.).

Richardson argues there is error on the face of the record because the trial court rendered a default judgment on Wilkins' counterpetition, and the record reflects that Richardson was never served with Wilkins' counterpetition. According to Richardson, although she was served with the OAG's petition, the "record clearly evidences the court proceeded to render a default judgment based on testimony given by [Wilkins], in reference to his pleadings—not those of the [OAG]."

Wilkins does not dispute that Richardson was not served with his counterpetitions. He instead responds that because the face of the record demonstrates Richardson was served with the OAG's petition on November 27,

2021, and he had no legal obligation to file a counterpetition, the trial court was authorized to move forward on the OAG's petition alone. Wilkins argues that reversal is not warranted because Richardson "was served with the petition filed by the [OAG], and a default judgment based upon that petition [was] proper."

In its petition to establish the parent-child relationship, the OAG did not request that any parent be appointed sole managing conservator. It instead requested that the court "appoint appropriate conservators" and order appropriate "child support" stating that if "appropriate, the Court should order [Wilkins] to post a bond or security." The OAG alleged that Wilkins "ha[d] in his possession documents that will show the nature and extent of his ability to pay child support," and it requested that Wilkins be ordered to produce such documents and pay the "costs of this proceeding." At the time the petition was filed, W.J.W. was residing with Richardson. In his counterpetitions and at trial, Wilkins requested that he be appointed sole managing conservator and that Richardson be ordered to pay him child support for W.J.W.

The final judgment, which appoints Wilkins as W.J.W.'s sole managing conservator and orders Richardson to pay child support, states that Richardson, "although duly cited to appear, failed to appear and wholly made default." The final judgment identifies Wilkins as the "Petitioner," Richardson as the "Respondent," and the OAG as a "Party-in-Interest." The record thus reflects that the trial court

rendered judgment based on Wilkins' counterpetition, not the petition filed by the OAG.

Because the record reflects that Richardson was not served with Wilkins' counterpetition, the trial court erred by rendering a default judgment against her based on Wilkins' counterpetition, and the trial court's error is apparent on the face of the record. *See Spanton*, 612 S.W.3d at 316 (stating trial court lacks jurisdiction over defendant who was not properly served with process); *see also U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022) ("A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived process, or entered an appearance.").

We sustain Richardson's first and second issues. Given our disposition, we need not address Richardson's third issue.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.